Hall,
 
 Judge.-
 

 Though it be insisted that a conveyance fo? the purpose of defrauding creditors, and upon trust, that the p operty should be re-conveyed to the grantor, should not be asserted in equity, so as to be carried into effect as between the parties themselves, when one endeavors to deceive the other after the main purpose is accomplished; and that equity will not hear one of them, complain, that the other having concurred in
 
 *230
 
 defrauding creditors, now endeavors to defraud bis co-agent, but will leave the parties in the situation wheie they have rl?’ ed themsclvi s, and by so acting, render it unsafe for a. debt- or fraudulently disposed to place such a degree of confidence 5n any one s yet I am of opinion, that it a debtor, with intent to defraud creditors, convey to a third pet son who promises to bold in trust for his benefit, the grantee should be compelled in equity, to perform tire trust. This contract is only void as to c 1 editors; it is binding to all purposes as between the parties themselves.
 

 í^uere de koc
 
 —Et
 
 vide
 
 1 Fonb. 128, 138. 2 Vern. 602, 71, g Vezey, 375. 1 P. W. 620. 8 T. 95.